# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DELON E. SCOTT (R-16900), ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> KIM BUTLER, Warden, ) <br> Menard Correctional Center, ) <br> ) <br> Respondent. ) | Case No. 15 C 575 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Delon Scott was convicted in state court of first-degree murder and was sentenced to 85 years in prison. Scott has filed a *pro se* petition for habeas corpus pursuant to 28 U.S.C. § 2254. Kim Butler, the warden of the prison where Scott is incarcerated, has moved to dismiss the petition as time-barred. For the reasons stated below, the Court grants Butler's motion.

## Facts

The following facts are taken from the Illinois Appellate Court decision affirming Scott's conviction. On October 8, 2007, Scott was riding in a car driven by his girlfriend, Cassondra Cawthon, on I-57 in Will County. *People v. Scott*, No. 3-09-1055, 2011 WL 10468028, at *1 (Ill. App. 2011). Around 10:30 p.m., Scott shot Cawthon, causing the car to veer off into a ditch. *Id.* at *1-2. Scott then pulled the car back onto the highway, where he opened the driver door and threw Cawthon's body onto the road. *Id.* at *1. Almost 150 feet later, Scott stopped the car, exited, and retreated into a field. *Id.* Police

arrived on the scene and took Scott into custody by force, noting that he was "verbally combative" and kicked out the back window of the squad car. *Id.* Scott was then taken to the hospital, where it was discovered he was under the influence of "amphetamines, opiates, and cannabis." *Id.* During a videotaped interview by police conducted in the emergency room, Scott admitted that he "shot [Cawthon], threw her out of the car, and killed her." *Id.* at *2.

Before his trial, the court ordered Dr. Zoot, who is either a psychiatrist or psychologist, Dr. Zoot, to examine Scott for fitness. *Id.* at *1. Dr. Zoot concluded that Scott was mentally fit to stand at trial*. Id.* A jury found Scott guilty of first-degree murder, and the trial judge sentenced him to 85 years in prison. *Id.* at *1-2. Prior to the sentencing hearing, the court ordered a presentence investigation, during which Scott reported that he "was told by a psychiatrist at some point that he had ADD and/or ADHD." *Id.* The probation officer who prepared the presentence report asked Scott if he "saw visions, heard voices or felt compelled to hurt himself or others," to which Scott responded, "I don't know." *Id.*

Scott appealed his conviction, arguing, among other things, that the trial court "ignored his mental illness" as a mitigating factor in his sentencing. *Id.* at *3. However, Scott did not present evidence of his mental illness at his sentencing, and Dr. Zoot had suggested following his pretrial examination that Scott "may have feigned mental illness as a trial tactic." *Id.* at *4. The appellate court affirmed Scott's conviction and sentence on March 9, 2011. *Id.* at *6. The Illinois Supreme Court denied Scott's leave to appeal (PLA) on May 25, 2011. *See* Order Denying PLA, *People v. Scott*, No. 112154, 949 N.E.2d 1102 (Ill. 2011). Scott did not petition for a writ of certiorari.

2

Scott filed a *pro-se* post-conviction petition on March 2, 2012, alleging a violation of his Sixth Amendment and due process rights. Resp.'s Mot. to Dismiss, Ex. 3. Prior to Scott's trial, the judge stated the following during the *voir dire* examination of the prospective jurors:

> Ladies and gentleman, before I ask you my next question, I want to preface it with my own opinion which I am convinced I'm about right. My opinion is no matter who you are, you have certain things that you are sympathetic about, certain things you might be bias about, certain things you might be prejudiced about. That's just the way it is.
>
> The question is, whatever sympathies or biases or prejudices that you might have, can you set them aside, keep them out of the courtroom, and base your decision only on the evidence that's presented?

Pet'n for Habeas Corpus, Ex. 1. Two jurors responded "no" to this question but were nonetheless seated. *Id.* Scott contended in his post-conviction petition that this resulted in a biased jury. Scott also contended that his trial lawyer rendered ineffective assistance of counsel by failing to move for a directed verdict before the jury was excused to deliberate. Scott also contended that his appellate lawyer rendered ineffective assistance by failing to argue that Scott's trial lawyer was ineffective.

The state trial court denied the post-conviction petition, and the appellate court affirmed this ruling on August 23, 2013. *People v. Scott*, No. 3-12-0434, at 2, 4 (Ill. App. Ct. Aug. 23, 2013) (unpublished order). The Illinois Supreme Court denied Scott's PLA on January 29, 2014. Order Denying PLA, *People v. Scott*, No. 116757, 3 N.E.3d 801 (Ill. 2014). Scott did not petition for a writ of certiorari.

On January 13, 2015 Scott filed the present petition for a writ of habeas corpus. As indicated earlier, Butler has moved to dismiss the petition as time barred.

## Discussion

A one-year limitations period applies to petitions for habeas corpus filed under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). The time starts to run, in most cases, when the petitioner's state court conviction "became final" by the "expiration of time seeking [direct] review." 28 U.S.C. § 2244(d)(1)(A). No later start date applies in this case; the record does not reflect any state-created impediment to filing a timely application, and Scott is not attempting to apply a newly recognized constitutional right. Nor is there anything to suggest that any facts to Scott's claims were discovered after the state appellate process ended. *Id.* § 2244(d)(1)(B)-(D); *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000).

A conviction is "final" for purposes of section 2244(d)(1)(A) when "the time filing for writ of certiorari has expired." *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Under United States Supreme Court Rule 13, a petitioner has 90 days after the denial of a PLA to file for writ of certiorari. Because the Illinois Supreme Court denied petitioner's leave to appeal on May 25, 2011, Scott's conviction became final 90 days later, on August 23, 2011.

From August 23, 2011, Scott's limitations period ran untolled for 191 days until he filed his state post-conviction petition on March 2, 2012.[1] Under section 2244(d)(2), "the time during which a properly filed application for State post-conviction . . . is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2) (emphasis added). When a state court issues a final judgment on a state post-

---

[1] Scott's *pro se* notice of mailing his post-conviction petition is dated February 6, 2012. Applying the "mailbox rule" to this situation would not affect the untimely nature of the habeas petition, because it would result in tolling the limitations period for only an additional 24 days.

4

conviction application, it is no longer "pending" for purposes of section 2244(d)(2) even if the prisoner may petition the U.S. Supreme Court for a writ of certiorari. *Lawrence v. Florida,* 549 U.S. 327, 334 (2007). Scott's limitation period was therefore tolled from the date he filed the post-conviction petition until the Illinois Supreme Court denied his PLA on January 29, 2014.[2] From that date, the limitations period ran untolled for another 174 days until it expired on July 22, 2014, when a total of 365 untolled days had passed from the date Scott's conviction became final. Because Scott did not file his petition for a writ of habeas corpus until January 13, 2015, almost five and one-half months later, the petition was untimely.

Scott contends that he is entitled to equitable tolling of the limitations period. A habeas corpus petitioner is entitled to equitable tolling if he can show that an extraordinary circumstance prevented the timely filing and "that he has been pursuing his rights diligently." *Holland v. Florida*, 560 U.S. 631, 645 (2010) (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Scott says he is entitled to equitable tolling because he was ignorant of the law and was given inaccurate advice by a fellow prisoner about the limitations period and that he has a learning disability that inhibited him from filing his petition on time.

Scott's contention that a fellow prisoner told him, incorrectly, that the limitations period did not start until the Illinois Supreme Court denied his post-conviction PLA on January 29, 2014 does not warrant equitable tolling. A lawyer's simple miscalculation of

---

[2] Although the Illinois Supreme Court denied the PLA on January 29, 2014, the notification from the Court's clerk regarding the ruling is dated March 5, 2014. *See* Resp.'s Mot. to Dismiss, Ex. 5. Were the Court to use the latter date as the date on which the state courts' consideration of the post-conviction petition concluded, this, again, would not make Scott's habeas corpus petition timely, because it would toll only an additional 35 days.

the limitations period typically does not authorize equitable tolling of the statute of limitations in section 2244(d).  *Holland*, 560 U.S. at 651-52 (citing *Lawrence,* 549 U.S. at 336-37).  The Court is unaware of any case, at least not in this Circuit, indicating that a similar date miscalculation by a fellow prisoner is treated any differently for purposes of equitable tolling.  *Cf. Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006) ("Mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling.").  Scott does not suggest, however, that this advice came from prison authorities, law librarians, or anyone else in a position of actual or apparent authority.  Although this Court concluded in an earlier case that incorrect information about a filing deadline provided by a prison law clerk or prison staff member could serve as a basis for equitable tolling, in that case the allegedly incorrect advice was coupled with restrictions on law library access—making access dependent on the nearness of the inmate's perceived deadline—that compounded the error.  *United States ex rel. Strong v. Gaetz*, No. 07 C 435, 2009 WL 3060267, at *4-8 (N.D. Ill. Sept. 21, 2009).  Scott does not contend that any misconception regarding his due date impeded his access to legal materials.  *Compare U.S. ex rel. Strong v. Hulick*, 530 F. Supp. 2d 1034, 1038-39 (N.D. Ill. 2008).  Under the circumstances, though the other prisoner's advice was wrong, Scott's reliance on it does not entitle him to equitable tolling.

Scott also states that "he do[es] not understand [the] law nor how it's [sic] limitations work."  Pet'r's Resp. to Mot. to Dismiss at 2.  As the Court has indicated, however, mere ignorance of the law is not an extraordinary circumstance that entitles a petitioner to equitable tolling.  *See Arrieta*, 461 F.3d at 867.

6

Scott also appears to contend that the limitations period should be equitably tolled because he has a mental impairment. Although the Seventh Circuit has not yet addressed the point, several circuits have held that a mental illness or impairment may qualify as an extraordinary circumstance that allows equitable tolling of the statute of limitations. *See Riva v. Ficco*, 615 F.3d 35, 40 (1st Cir. 2010); *Bills v. Clark*, 628 F.3d 1092, 1099-1100 (9th Cir. 2010); *Stephenson v. Ercole*, No. 07-CV-3677(CBA), 2009 WL 3872358, at *3 (E.D.N.Y. Nov. 17, 2009); *Adkins v. Warden,* 585 F. Supp. 2d 286 (D. Conn. 2008) ("[T]he Court notes that a showing of mental incapacity would likely satisfy the two-prong standard for equitable tolling"); *Rhodes v. Senkowski,* 82 F. Supp. 2d 160, 168 (S.D.N.Y. 2000).

The fact that a habeas corpus petitioner has a mental disease or disorder does not, however, automatically entitle him to equitable tolling. *Bolarinwa v. Williams*, 593 F.3d 226, 232 (2nd Cir. 2010). There is no bright line rule for determining when equitable tolling applies to cases of mental illness or impairment. *See Victorial v. Burge*, 477 F. Supp. 2d 652, 653 (S.D.N.Y. 2007). Most courts that have addressed the issue have applied a variation of the traditional standard for equitable tolling. Specifically, those courts have required the petitioner to make a factual showing of his mental incapacity, *see Lawrence,* 549 U.S. at 337, and to show "some causal link between a [his] mental illness and his ability to" timely file. *Riva*, 615 F.3d at 40. The causal link requirement is met if the petitioner can show he exhibited reasonable "diligence in pursuing his claims, to the extent he can understand them" but that his mental incapacity made it "impossible for him to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance." *Kozlowski v.*

7

*People*, No. 13-CV-01340-JD, 2014 WL 2087062, at *3 (N.D. Cal. May 19, 2014).

Scott alleges that he has a learning disability that prevented his timely filing. The evidence before the Court does not support a contention that this or any other mental disorder prevented him from filing a timely habeas corpus petition. According to the Illinois Appellate Court's decision affirming Scott's conviction, the presentence investigative report ordered by the trial court after the conviction indicated that Scott "was told by a psychiatrist at some point that he had ADD and/or ADHD." *Scott*, 2011 WL 10468028, at *2. The probation officer who prepared the report asked Scott if he "saw visions, heard voices or felt compelled to hurt himself or others," to which Scott responded, "I don't know." *Id.* As noted earlier, however, prior to his trial, a doctor examined Scott and concluded he was mentally fit to stand at trial. *Id.* at *1. The doctor also noted that when Scott watched a videotape of himself confessing to the murder, he denied being the man in the video. *Id.* The doctor reported that Scott's denial could be "for what [Scott] may believe is a legal gain or it may be delusional denial." *Id.*

This is the sum total of Scott's evidence supporting his claim of equitable tolling based on a mental impairment. He has provided no medical records, history of prescriptions, or testimony by anyone supporting the proposition that he suffers from ADD/ADHD or any mental disease, let alone that this impaired his ability to make a timely filing. Further, Scott's apparent ability to file and prosecute a *pro se* post-conviction petition and an appeal from the denial of that petition without apparent difficulty indicates that any mental disorder he might have does not impair him severely enough to warrant equitable tolling. *See Victorial*, 477 F. Supp. 2d at 655.

In short, the only evidence Scott has offered is a bare and unsupported assertion

that he has a learning disability.  This is insufficient to warrant equitable tolling of the statute of limitations.  *See Carvell v. Reilly*, No. 14-CV-5-PB, 2015 WL 631995, at *3 (D.N.H. Feb. 13, 2015) ("[petitioner's] ADHD [acting] as an '"impediment to … doing any kind of detailed legal research'… does not allege or otherwise show… that his ADHD prevented him from complying with the filing deadline…"); *Jean-Louis v. Greiner*, No. 02 CIV. 6326 (SAS), 2003 WL 1807144, at *3 & n. 3 (S.D.N.Y. Apr. 4, 2003) (Petitioner's showing that he took psychotropic medication to treat schizophrenia and depression did not, without more, establish that his conditions made him unable to pursue his legal rights).  The Court concludes that Scott's habeas corpus petition must be dismissed as untimely.

## Certificate of Appealability

Rule 11(a) of the Rules Governing § 2254 Cases requires aa court to "issue or deny a certificate of appealability [COA] when it enters a final order adverse to applicant."  For a court to issue a COA, the applicant must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).  If the court has denied a habeas petition "on procedural grounds without reaching merits of constitutional claims," a COA may be issued only if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of a denial of a constitutional right *and* that jurists of reason would find it debatable whether district court was correct in its procedural ruling" (emphasis added).  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In this case, reasonable jurists would not find debatable that Scott's petition is untimely and that he has not shown an entitlement to equitable tolling.  Because Scott filed his habeas court petition almost five months too late, and there is no evidence supporting a

claim of equitable tolling, a "plain procedural bar is present." *Id.* at 484. The Court declines to issue a COA.

## Conclusion

For the reasons stated above, the Court grants respondent's motion to dismiss [dkt. no. 6] and directs the Clerk to enter judgment dismissing the petition for a writ of habeas corpus. The Court declines to issue a certificate of appealability.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: July 27, 2015